# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MATTHEW STEPHEN DAVIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS,)<br>HARLEY G. LAPPIN, Director (in )<br>his official capacity) and WARDEN )<br>JOHN LEMANNA (in his official )<br>capacity), )<br>)<br>Respondents. )<br>_____) | Civil Action No. 0:06-1130-GRA-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate with the Federal Bureau of Prisons (BOP), argues that the BOP's refusal to allow him to complete the last six months of his sentence in a Community Correction Center (CCC) [halfway house] violates his federal constitutional and statutory rights.

The Respondents filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 12, 2006, arguing that Petitioner's Petition is without merit. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 27, 2006, advising Petitioner of the importance of a motion for summary judgment and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Petitioner failed to file

1



any response to the Respondents' motion for summary judgment, which is now before the Court for disposition.[1]

### Discussion

This action is as a result of the Office of Legal Counsel (OLC) in the Department of Justice (DOJ) issuing a memorandum opinion on December 13, 2002 which announced a construction of sentencing statutes that deprived the BOP of discretionary powers to treat CCCs as a form of "imprisonment". Petitioner alleges that "[p]rior to December 20, 2002, the BOP had a long-standing practice and policy allowing inmates to be eligible to serve up to the last six months of their sentence, regardless of the length thereof, in a CCC." Petitioner alleges that, but for this rule change, he would have been eligible for designation to a CCC commencing on or before May 19, 2006, and that the Respondents' refusal to release him to a CCC as of that date violates the Federal Administrative Procedures Act (APA) as well as the ex post facto clause of the United States Constitution. Petitioner seeks an order from this Court finding that his continued incarceration at the Federal Correctional Institution in Edgefield, South Carolina beyond May 19, 2006 is unlawful, and that the BOP be required to make a determination as to his eligibility for pre-release designation to a CCC as of that date.

While Respondents in their motion for summary judgment argue the validity of the BOP's new assignment procedure, Respondents note that irregardless, Petitioner is eligible to be placed into a CCC on or about September 13, 2006. See Respondents' Exhibit 1, ¶ 4. Therefore,

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner's requested relief in this § 2241 action is moot and, as such, this Petition is subject to dismissal. Miller v. Federal Bureau of Prisons, 147 Fed.Appx. 302, 307 (3d Cir. 2005); Bost v. Adams, No. 04-446, 2006 WL 1674485 at *1 (S.D.W.Va. June 12, 2006).

Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 27, 2006



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \* \* \*  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

4
